22531

Robert Wesley MORRIS, Respondent v. Dr. Dean K. MOONEY, Columbia
Area Mental Health Center and Department of Mental Health, Defendants, of whom Columbia Area Mental Health Center and Department
of Mental Health are the Appellants. Appeal of COLUMBIA AREA
MENTAL HEALTH CENTER and Department of Mental Health.

(343 S. E. (2d) 442)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. B. J. Willoughby, T. Douglas Cochran* and *Kennerly M. McLendon, South Carolina Dept. of Mental Health,* Columbia, *for appellants.*

*Jan L. Warner,* Sumter, and *C. Dixon Lee, III,* Columbia, *for respondent.*

Heard March 24, 1986.

Decided April 21, 1986.

*Per Curiam:*

This is an appeal of an order overruling appellants' demurrer. We reverse and remand for entry of an order dismissing the causes of action against the appellants.

In the complaint, respondent alleged that Dr. Mooney and respondent's wife (Wife) were employees of the appellants and that Dr. Mooney committed acts of adultery with Wife which ultimately caused their divorce.

Respondent sought to hold appellants liable under S. C. Code Ann. § 44-7-50 (1985) on three theories. First, he claimed that Dr. Mooney committed the acts while in the scope of his employment and that appellants were liable under the doctrine of *respondeat superior.*

It is clear that these acts of adultery were not reasonably necessary to accomplish any purpose of Dr. Mooney's employment. Therefore, Dr. Mooney's conduct was not within the scope of his employment, and appellants are not liable under the doctrine of *respondeat superior. Lane v. Modern Music, Inc.,* 244 S. C. 299, 136 S. E. (2d) 713 (1964).

Second, respondent asserted that appellants aided and abetted Dr. Mooney in the commission of the adultery. As governmental entities, the appellants can only act through their officers, agents and employees. If any of appellants' officers, agents, or employees did knowingly aid and abet Dr. Mooney in the commission of the adultery, their actions, like those of Dr. Mooney, were outside the scope of their employment, and the appellants have

no liability for their actions. *Lane v. Modern Music, Inc.,* *supra.*

Finally, respondent asserted that the appellants were ■ negligent in failing to properly supervise Dr. Mooney and Wife to prevent their acts of adultery. He also alleged that the appellants had a duty to investigate the relationship between Dr. Mooney and Wife and to take actions to terminate their relationship.

In our opinion, appellants owed no legal duty to the respondent to investigate or prevent the consensual sexual relationship. To hold otherwise would place an intolerable burden on employers. Since no legal duty was owed, appellants could not be guilty of any actionable negligence. *South Carolina Electric & Gas Co. v. Utilities Construction Co.,* 244 S. C. 79, 135 S. E. (2d) 613 (1964).

Accordingly, the trial judge should have sustained the demurrer.

Reversed and remanded.