■ MARK NATHAN, Plaintiff, v J & I ENTERPRISES, LTD., et al., Defendants. (Action No. 1.) MARK NATHAN, Appellant, v FLEET BANK, Respondent. (Action No. 2.) [622 NYS2d 798] —In consolidated actions, *inter alia,* to recover damages for negligence and breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated April 24, 1993, as granted the motion of the defendant Fleet Bank pursuant to CPLR 3211 (a) (7) to dismiss the complaint in action No. 2 for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contacted a representative of the defendant Fleet Bank (hereinafter Fleet) regarding a mortgage loan on a commercial property. The plaintiff's pleadings state that although this representative was not able to give a commitment, she believed that his application would be approved. The plaintiff then entered into a contract to purchase the commercial property and filed a mortgage application with Fleet. Fleet initially declined his commercial mortgage application but presented it to the Small Business Administration to obtain a guarantee. The Small Business Administration was willing to guarantee 85% of the requested loan amount, but the plaintiff declined a loan on alternate terms offered by Fleet, claiming that they required a higher rate of interest. In this action, the plaintiff alleged, *inter alia,* that Fleet entered into and breached an oral agreement to accept the plaintiff's mortgage application, and breached a fiduciary duty owed to the plaintiff by virtue of his status as a depositor and account holder. We disagree.

" 'The legal relationship between a borrower and a bank is a contractual one of debtor and creditor and does not create a fiduciary relationship between the bank and its borrower' " *(Marine Midland Bank v Hallman's Budget Rent-a-Car,* 204 AD2d 1007). The plaintiff's argument that his status as a depositor created a fiduciary duty with respect to all banking transactions is unsupported by law. In addition, the plaintiff's breach of contract claims were properly dismissed since the plaintiff's conclusory allegations failed to establish the existence of an agreement.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.