■ TRUSTCO BANK, NATIONAL ASSOCIATION, Appellant, v CANNON BUILDING OF TROY ASSOCIATES et al., Respondents. (And Another Related Action.) [668 NYS2d 251] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered January 15, 1997 in Rensselaer County, which, *inter alia*, denied plaintiff's motion for summary judgment.

The issue here is whether Supreme Court erred in denying plaintiff's summary judgment motion. The underlying facts are as follows: Home & City Savings Bank (hereinafter Home & City) purchased the Cannon Building (hereinafter the mortgaged premises) pursuant to a deed in lieu of foreclosure. Defendant Peter A. Gullo agreed to purchase the mortgaged premises and formed two entities in connection with the transaction: defendant Cannon Building of Troy Associates (hereinafter Cannon Associates), a limited partnership, and defendant Gullo Broadway of Troy, Inc. (hereinafter Gullo Broadway). Gullo was sole member of both entities.

The property was purchased by Cannon Associates for $1.5 million on September 26, 1990. Cannon Associates and Home & City executed a modification and security agreement under which Cannon Associates assumed the preexisting mortgage and underlying note which was personally guaranteed by Gullo.

Plaintiff became successor to Home & City and the mortgage and guarantee were assigned to plaintiff. Cannon Associates defaulted on the mortgage. Gullo apparently commenced an action in Supreme Court to rescind the guarantee. Plaintiff commenced this action. Plaintiff moved for summary judgment, seeking that defendant's answer and counterclaims be stricken, and seeking the appointment of a referee to compute the amount due on the mortgage. Gullo cross-moved for, *inter alia*, summary judgment. Cannon Associates and Gullo Broadway opposed plaintiff's motion and cross-moved to amend the caption of the action to substitute Gullo Broadway with its new name, Cannon Building Broadway of Troy, Inc. The receiver moved for, *inter alia*, an order settling its interim report. Supreme Court denied the motions by plaintiff and Gullo for summary judgment. The motion to amend the caption of the action was granted, as well as the receiver's motion. This appeal ensued.

Summary judgment is appropriate " 'where a thorough examination of the merits clearly demonstrates the absence of any triable issues of fact' " (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610, quoting *Piccirillo v Piccirillo*, 156 AD2d 748, 750).

The party seeking summary judgment has the burden of establishing its entitlement thereto as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The record must be reviewed in a light most favorable to the nonmoving party (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co., supra*, at 610). To defeat the mo-

tion, the nonmoving party must tender evidence, in admissible form, of a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

We conclude that plaintiff made a prima facie showing that there is a valid mortgage and that Gullo, as mortgagor, failed to make the required payments thereunder. Defendants, urging defenses based on a confidential relationship, a duty to disclose and material misrepresentation, have failed to establish the defenses so as to foreclose the grant of summary judgment.

We reject the defense based on an alleged fiduciary relationship arising from Gullo's status as a depositor with Home & City, which he argues required a greater degree of disclosure from Home & City in the underlying transaction. This relationship was not of a fiduciary nature (*see, Landes v Sullivan*, 235 AD2d 657, 660). The legal relationship between a borrower and a lending bank is normally one of debtor and creditor. Being a depositor as well does not change the contractual relationship (*see, Nathan v J & I Enters.*, 212 AD2d 677). There is nothing here to indicate that the dealings between the parties were other than arm's length negotiations making applicable the customary rules of commercial transactions. Thus, the doctrine of caveat emptor applies, imposing a duty on the purchaser to satisfy himself as to the quality of his bargain. It is only where a defect in the property is peculiarly within the knowledge of the seller, and it is not likely to be discovered by a reasonably prudent purchaser, that a duty to disclose will be imposed (*see, Stambovsky v Ackley*, 169 AD2d 254, 257). Such circumstances are not alleged here. We find that no affirmative duty to disclose existed between the parties (*see, id.*, at 257).

The contentions that Home & City failed to disclose information relating to the structural soundness of the premises, its fair market value, the outstanding leases and tenant turnover rate are all to no avail. None of this information was peculiarly within the knowledge of the seller nor was it of such a nature that it would be unlikely to be discovered by defendants. We conclude that defendants have failed to establish that Home & City had an affirmative duty to disclose such information.

Defendants next contend that Home & City, based on the failure to disclose the information alleged above, made misrepresentations, known to be false, with the intention of inducing defendants' reliance on the misstatements and which reliance caused damage to defendants. The record is to the contrary. Gullo's pretrial testimony indicates that no affirmative misrepresentations were made to him. He visited the mortgaged premises on a number of occasions and he requested

and received copies of all leases, rent rolls, rent projections, utility expense statements and a report on completed renovations made on the premises. Further, Gullo had adequate opportunity to assure the accuracy of those representations. He cannot now successfully contend that he reasonably relied on any alleged misrepresentations made by Home & City.

Defendants next urge that plaintiff did not fulfill conditions precedent to an action on the guarantee by failing to call the mortgage into default and by failing under the terms of the guarantee agreement "to proceed against any property * * * held by the lender as security for the loan obligation to collect any obligation covered by the guaranty". A creditor is not obligated to declare a default or accelerate a debt upon the first default in payment (*see, Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d 138). Under the terms of the guarantee, Home & City could, without notice to or consent of Gullo, extend the time of payment, release, surrender, exchange, modify or impair any security held for payment or settle any claim against the borrower. Based on the guarantee, a declaration of default was not a condition precedent to an action on the guarantee. Also, plaintiff properly joined Gullo as guarantor in the foreclosure action (*see,* RPAPL 1313). By proceeding against the debtor and the guarantor in the same proceeding, plaintiff did not fail to satisfy any condition of the guarantee. The remaining defenses of Gullo as guarantor are without merit.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion granted and summary judgment awarded to plaintiff; and, as so modified, affirmed.