■ JEFFREY M. POLZER et al., Appellants, v TRW, INC., et al., Defendants, and BANK OF NEW YORK et al., Respondents. [682 NYS2d 194] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about May 19, 1997, which, *inter alia*, granted defendant Bank of New York (Delaware) (BNY) summary judgment dismissing plaintiffs' 40th through 43rd causes of action and granted defendant Mobil Oil Credit Corporation (Mobil) summary judgment dismissing plaintiffs' 50th through 53rd causes of action, unanimously affirmed, without costs.

The grant of summary judgment to defendants BNY and Mobil was not procedurally inappropriate since those defendants either moved for or requested such relief, and all parties, in submitting documents in support of their arguments, clearly charted a summary judgment course (*see, De La Poer v Salomon Bros.*, 193 AD2d 568).

Substantively, the motion court properly determined that New York does not recognize a cause of action for "negligent enablement of impostor fraud", and that plaintiffs otherwise failed to state a cause of action in negligence, because BNY and Mobil had no special relationship either with the impostor who stole the plaintiffs' credit information and fraudulently obtained credit cards, or with plaintiffs, with whom they stood simply in a creditor/debtor relationship (*see, McCarthy v Sturm, Ruger & Co.*, 916 F Supp 366, 368, *affd sub nom. McCarthy v Olin Corp.*, 119 F3d 148; *Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 6-7; *Trustco Bank v Cannon Bldg. of Troy Assocs.*, 246 AD2d 797; *see also, Leigh Co. v Bank of N. Y.*, 617 F Supp 147).

To the extent that plaintiffs pleaded causes of action based on intentional or negligent infliction of emotional distress or prima facie tort, the motion court properly granted summary judgment dismissing those claims as well, because there was no evidence of ill will, malice or extreme outrageous conduct, or of actual physical injury or apprehension of physical harm, and because there was no special duty owed plaintiffs by Mobil and BNY, and finally because plaintiffs failed to allege, much less offer proof of, special damages (*see, Whalen v County of Fulton*, 941 F Supp 290, 299, *affd* 126 F3d 400; *National Westminster Bank v Ross*, 130 Bankr 656, 686, n 6, *affd sub nom. Yaeger v National Westminister*, 962 F2d 1).

The motion court, in addition, properly granted summary judgment dismissing plaintiffs' statutory claims brought under the Deceptive Acts and Practices Act (General Business Law § 349). Assuming arguendo that plaintiffs' complaints are consumer-oriented, and that the complained of action or inaction by BNY or Mobil was somehow improper, plaintiffs failed to make the requisite showing that the complained of conduct was deceptive or misleading to them (*see, Varela v Investors Ins. Holding Corp.*, 81 NY2d 958). An action does not compensate for " 'frustration' " (*Goldberg v Manhattan Ford Lincoln-Mercury*, 129 Misc 2d 123, 129) and, as noted, plaintiffs have failed to demonstrate any damages or actual loss. In addition, because the alleged offensive acts or omissions ceased several years before the commencement of this action, the motion court properly determined that there was no basis for an injunction (*see, Matter of People v Alexanders Dept. Store*, 42 AD2d 532, *lv denied* 33 NY2d 517).

In dismissing plaintiffs' statutory claims, the motion court also properly determined that the acts or omissions that are alleged to have violated General Business Law § 349 were protected by the qualified immunity granted pursuant to the Federal Fair Credit Reporting Act (15 USC § 1681h [e]), since General Business Law § 349 (d) provides that it is a complete defense if the alleged act or practice complies with the rules and regulations of, and the statutes administered by, *inter alia*, the Federal Trade Commission (*see, Thornton v Equifax, Inc.*, 619 F2d 700, 702-703, *cert denied* 449 US 835; *Whelan v Trans Union Credit Reporting Agency*, 862 F Supp 824, 829, n 6; *Yonter v Aetna Fin. Co.*, 777 F Supp 490; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 23-26).

Finally, the motion court properly determined that plaintiffs failed to demonstrate, even to the extent necessary to avoid summary judgment, that BNY and Mobil were liable pursuant to General Business Law § 703 *et seq.*

Plaintiffs' remaining arguments for affirmative appellate relief are unavailing. Concur—Lerner, P. J., Wallach, Tom and Andrias, JJ.