585 S.E.2d 275

P. Kenneth HUGGINS, Jr., Plaintiff,

v.

CITIBANK, N.A., Capital One Services, Inc., and
Premier Bankcard, Inc., Defendants.

No. 25691.

Supreme Court of South Carolina.

Heard May 13, 2003.

Decided Aug. 11, 2003.

Richard A. Harpootlian, of Richard A. Harpootlian, and James B. Richardson, Jr., of Richardson & Birdsong, both of Columbia, for plaintiff.

Marcus A. Manos, of Nexsen Pruet Jacobs & Pollard, LLC, of Columbia; and Burt M. Rublin and John K. Semler, Jr., of Ballard Spahr Andrews & Ingersoll, LLP, of Philadelphia, PA, for Citibank, N.A., and Capital One Services, Inc., defendants.

Stephen P. Groves, Sr., and H. Michael Bowers, of Nexsen, Pruet, Jacobs, Pollard & Robinson, of Charleston; and Roberto A. Lange, of Davenport, Evans, Hurwitz & Smith, L.L.P., of Sioux Falls, SD, for Premier Bankcard, Inc., defendant.

James Bernard Spears, Jr., of Haynsworth, Baldwin, Johnson & Greaves, of Columbia, for Dillard National Bank, defendant.

John T. Moore and B. Rush Smith, III, of Nelson Mullins Riley & Scarborough, L.L.P., of Columbia; and L. Richard Fischer, Oliver I. Ireland, Beth S. Brinkmann, and Seth M. Galanter, of Morrison & Foerster, LLP, of Washington, DC, for American Bankers Association, American Financial Services Association, America's Community Bankers, Consumer Bankers Association, The Financial Services Roundtable, Mastercard International, Inc., and Visa U.S.A., Inc., amici curiae.

Justice BURNETT:

We accepted this certified question from the United States District Court for the District of South Carolina to determine whether South Carolina recognizes a cause of action for negligent enablement of imposter fraud. We hold South Carolina does not recognize such a cause of action.

## *FACTS*

Plaintiff P. Kenneth Huggins, Jr., (Huggins) brought this action in federal court against Defendants Citibank, N.A., Capital One Services, Inc., and Premier Bankcard, Inc., (the Banks) claiming the Banks negligently issued credit cards to an unknown imposter, "John Doe." The complaint alleged Doe applied for a credit card, asserting he was Huggins. Doe then used the credit cards, but failed to pay the Banks.

Huggins alleged the Banks were negligent in various ways: 1) issuing the credit cards without any investigation, verification, or corroboration of Doe's identity; 2) failing to adopt policies reasonably designed to verify the identity of credit card applicants; 3) adopting policies designed to result in the issuance of credit cards without verifying the identity of applicants; and 4) attempting to collect Doe's debt from Huggins. Huggins asserted, as a result of the Banks' issuance of credit cards to Doe, his credit was damaged, he was "hounded by collection agencies," he was distressed and em-

barrassed, and he expended much time and effort attempting to rectify the damage, with only partial success.[1]

The Banks filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., contending the complaint failed to state a claim upon which relief could be granted. The Banks asserted they owed no duty to Huggins because he was not their customer. Huggins disagreed, arguing the Banks have a duty to protect potential victims of identity theft from imposter fraud.

## ISSUE

The Court agreed to answer the following question certified from the United States District Court for the District of South Carolina:

Does South Carolina recognize the tort of negligent enablement of imposter fraud and, if so, what are the elements of the tort and does plaintiff's complaint state an actionable claim for the tort?

## DISCUSSION

In order to establish a claim for negligence, a plaintiff must prove the following elements: 1) a duty of care owed by the defendant to the plaintiff, 2) a breach of that duty by negligent act or omission, and 3) damage proximately caused by the breach. *Doe v. Batson,* 345 S.C. 316, 548 S.E.2d 854 (2001). An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. *Id.* In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff. *Faile v. South Carolina Dept. of Juvenile Justice,* 350 S.C. 315, 566 S.E.2d 536 (2002). If there is no duty, the defendant is entitled to judgment as a matter of law. *Simmons v. Tuomey Regional Med. Ctr.,* 341 S.C. 32, 533 S.E.2d 312 (2000).

---

1. Under the Consumer Credit Protection Act, an individual cannot be held liable for charges incurred on a credit card for which the individual did not apply and did not receive. 15 U.S.C. A. § 1643(a)(1)(A) & (d), § 1602(*l*) & (m) (1998).

■ Duty is generally defined as "the obligation to conform to a particular standard of conduct toward another." *Hubbard v. Taylor,* 339 S.C. 582, 588, 529 S.E.2d 549, 552 (2000), *quoting Shipes v. Piggly Wiggly St. Andrews, Inc.,* 269 S.C. 479, 483, 238 S.E.2d 167, 168 (1977); *see Prosser and Keaton On the Law of Torts* § 53 (5th ed.1984) ("... 'duty' is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff; and in negligence cases, the duty is always the same—to conform to the legal standard of reasonable conduct in the light of the apparent risk. What the defendant must do, or must not do, is a question of the standard of conduct required to satisfy the duty.").

■ Duty arises from the relationship between the alleged tortfeasor and the injured party. *South Carolina Ports Authority v. Booz–Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E.2d 324 (1986). In order for negligence liability to attach, the parties must have a relationship recognized by law as the foundation of a duty of care. *Ravan v. Greenville County,* 315 S.C. 447, 434 S.E.2d 296 (Ct.App.1993). In the absence of a duty to prevent an injury, foreseeability of that injury is an insufficient basis on which to rest liability. *South Carolina Ports Authority v. Booz–Allen & Hamilton, supra.* The concept of duty in tort liability will not be extended beyond reasonable limits. *Morris v. Mooney,* 288 S.C. 447, 343 S.E.2d 442 (1986) (employer has no duty to employee's wife to investigate or prevent employee's adulterous relationship with co-employee).

In *Polzer v. TRW, Inc.,* 256 A.D.2d 248, 682 N.Y.S.2d 194 (N.Y.App.Div.1998), individuals in whose names an imposter had obtained credit cards sued the credit card issuers for negligent enablement of imposter fraud. A New York appellate division court held summary judgment was properly granted because New York did not recognize a cause of action for negligent enablement of imposter fraud. The court stated the defendant credit card issuers "had no relationship either with the imposter who stole the plaintiffs' credit information and fraudulently obtained credit cards, or with plaintiffs, with whom they stood simply in a creditor/debtor relationship." *Id.* at 195. At least one other court has relied on the New York decision. *Smith v. Citibank,* 2001 WL 34079057 (W.D.Mo.2001) (credit card issuer not liable in negligence to

plaintiff where imposter applied for and received credit card in plaintiff's name because credit card company has no duty to plaintiff, a noncustomer).

We are greatly concerned about the rampant growth of identity theft and financial fraud in this country. Moreover, we are certain that some identity theft could be prevented if credit card issuers carefully scrutinized credit card applications. Nevertheless, we agree with the New York appellate court decision in *Polzer v. TRW, Inc., supra,* and decline to recognize a legal duty of care between credit card issuers and those individuals whose identities may be stolen. The relationship, if any, between credit card issuers and potential victims of identity theft is far too attenuated to rise to the level of a duty between them.[2] Even though it is foreseeable that injury may arise by the negligent issuance of a credit card, foreseeability alone does not give rise to a duty. *South Carolina Ports Authority v. Booz–Allen & Hamilton, supra.*

Finally, we note that various state and national legislation provides at least some remedy for victims of credit card fraud. *See* Pub.L. No. 107–56, 115 Stat. 272 (Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001); 15 U.S.C.A. § 1681 (Fair Credit Reporting Act) (1998); 15 U.S.C.A. § 1692(d) (1998) (Fair Debt Collection Practices Act); S.C.Code Ann. § 16–13–500 to –530 (2003) (South Carolina Personal Financial Security Act); S.C.Code Ann. § 37–5–108(2) (2002) (South Carolina Consumer Protection Code). While these regulations may not fully compensate victims of identity theft for all of their injury, we conclude the legislative arena is better equipped to assess and address the impact of credit card fraud on victims and financial institutions alike.

Since there is no duty on the part of credit card issuers to protect potential victims of identity theft, we answer the certified question negatively: South Carolina does not recognize the tort of negligent enablement of imposter fraud. *See South Carolina State Ports Authority v. Booz–Allen & Ham-*

---

2. Huggins concedes he was not the Banks' customer.

*ilton, Inc., supra* (absence of any element of negligence renders cause of action insufficient).

**CERTIFIED QUESTION ANSWERED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.