THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The Pointes of Plantation Pointe Owners Association, Respondent,
v.
Donald L. Rockwell and Torrie N. Rockwell, Appellants.
 
 
 

Appeal From Newberry County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2005-UP-597
Submitted November 1, 2005  Filed November 22, 2005  

AFFIRMED

 
 
 
Karl S. Brehmer and J. Austin Hood, both of Columbia, for Appellants. 
John T. Lay, Jr. and Stephen D. Porter, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  This case involves a lawsuit filed by a homeowners association, The Pointes of Plantation Owners Association (the Association) against homeowners in the development, Donald and Torrie Rockwell.  The Rockwells appeal from the circuit courts grant of summary judgment for the Association that dismissed certain of their counterclaims with prejudice.  We affirm.[1]  
1.       We find no error in the circuit courts dismissal of the Rockwells abuse of process claim.  The elements of an abuse of process claim are: (1) an ulterior purpose and (2) a willful or overt act in the use of the process that is improper because it is either unauthorized or aimed at an illegitimate collateral objective.  Food Lion, Inc. v. United Food & Commercial Workers Intl Union, 351 S.C. 65, 71, 567 S.E.2d 251, 253-54 (Ct. App. 2002).  Importantly, an ulterior purpose or bad intention is insufficient to state a claim.  There must be proof that a collateral objective was the sole or paramount reason for acting.  [A] party who simply pursues a lawsuit with a collateral purpose in mind has done nothing improper.  Id. at 76, 567 S.E.2d at 256.  Here, the Associations complaint alleges that the Rockwells home was not constructed according to the approved plans in certain respects.  The approved plans were those submitted by the Rockwells.  Thus, the Association simply sought an order requiring the Rockwells to comply with their own plans.  The Rockwells efforts to recast the lawsuit into something it is not finds no traction in this record.  Even assuming the Association pursued the action with a collateral purpose in mind, there is no abuse of process.  This cause of action fails as a matter of law.  
2.       The circuit court properly granted summary judgment for the Association as to the Rockwells negligence counterclaim.  Unless a plaintiff can show a duty of care existed in a negligence action, the defendant is entitled to judgment as a matter of law.  Huggins v. Citibank, N.A., 355 S.C. 329, 332, 585 S.E.2d 275, 276-77 (2003).  The Associations only duty in this case arose by contract.  See Seabrook Island Prop. Owners Assn v. Berger,
365 S.C. 234, ___, 616 S.E.2d 431, 434 (Ct. App. 2005) (quoting Seabrook Island Prop. Owners Assn v. Pelzer, 292 S.C. 343, 347, 356 S.E.2d 411, 414 (Ct. App. 1987)) (Restrictive covenants are contractual in nature and bind the parties thereto in the same manner as any other contract.);
Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc., 320 S.C. 49, 54-55, 463 S.E.2d 85, 88 (1995) (holding that no tort liability arises from a breach of contract).  Thus, no duty existed unless there was a special relationship between the parties.  Id. at 55, 463 S.E.2d at 88.  The Rockwells have not cited any authority holding that a special relationship is created in this situation triggering a duty in tort.  This argument is accordingly deemed abandoned.  See Glasscock, Inc. v. U.S. Fidelity and Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.).  Therefore, the negligence counterclaim also fails as a matter of law.  
3.       We find no error in the circuit courts dismissal of the Rockwells outrage counterclaim.  To state a claim for outrage, or intentional infliction of emotional distress, a plaintiff must show that: (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiffs emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.  Bergstrom v. Palmetto Health Alliance, 358 S.C. 388, 401, 596 S.E.2d 42, 48 (2004); Talamantes v. Berkeley County Sch. Dist., 340 F. Supp. 2d 684, 691 (D.S.C. 2004).  The Associations actions in this case clearly did not rise to the level of being actionable under this standard.  Accordingly, the trial judge correctly granted summary judgment for the Association on this counterclaim.  
AFFIRMED. 
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur. 

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.