■ IAIN CURTIS-SHANLEY, Appellant, v BANK OF AMERICA, Respondent. [970 NYS2d 830]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Scheinkman, J.), dated April 9, 2012, which denied his motion to compel the defendant to execute a certificate of readiness for trial, and (2) an order of the same court (Colabella, J.), dated April 11, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff alleged several causes of action stemming from the defendant's denial of his application for a letter of credit to effect the purchase of rice from a seller in India. The Supreme Court denied the plaintiff's motion to compel the defendant to execute a certificate of readiness for trial and granted the defendant's motion for summary judgment dismissing the complaint.

The defendant established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In general, the relationship between a bank and its customer is not a fiduciary one, but rather one of creditor and debtor (see *Baumann v Hanover Community Bank*, 100 AD3d 814, 817 [2012]; *Call v Ellenville Natl. Bank*, 5 AD3d 521, 523 [2004]; *Nathan v J & I Enters.*, 212 AD2d 677, 677 [1995]). Here, the Supreme Court properly awarded summary judgment dismissing the causes of action alleging breach of contract and breach of fiduciary duty since the plaintiff failed to establish the existence of an agreement, and the plaintiff's argument that his status as a depositor created a fiduciary duty is unsupported by law (see *Nathan v J & I Enters.*, 212 AD2d at 677).

In addition, the plaintiff could not recover damages for negligent infliction of emotional distress because " 'absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty' " (*Rakylar v Washington Mut. Bank*, 51 AD3d 995, 996 [2008], quoting *Wehringer v Standard Sec. Life Ins. Co. of N.Y.*, 57 NY2d 757, 759 [1982]; see *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 470 [2002]). Moreover, the conduct complained of was not " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency' " so as to support his claim for intentional infliction of emotional distress (*Baumann v Hanover Community Bank*, 100 AD3d 814, 816-817 [2012], quoting *Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008]).

Furthermore, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraud. To establish fraud, a plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance, and injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]). Here, the defendant submitted evidence demonstrating that it made no material misrepresentation or omission and, in response, the plaintiff failed to raise a triable issue of fact (*see Zinnanti v 513 Woodward Ave. Realty, LLC*, 105 AD3d 736 [2013]).

The plaintiff's remaining contentions are without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.