LOCKEMY, C.J.:
**320 In this action for contribution, Charleston Electrical Services, Inc. (CES) and its insurance carrier, Selective Insurance Company of South Carolina (Selective), appeal the master-in-equity's order granting judgment in favor of Wanda Rahall. We affirm.
**321 FACTS/PROCEDURAL BACKGROUND
On August 20, 2010, Elsie Rabon and her daughter, Wanda Rahall, visited Rahall's fiancé, George Kornahrens, at 60 Romney Street (the Property) in Charleston, South Carolina. The Property was owned by Kornahrens and leased to CES. During her visit, Rabon went into the yard looking for Kornahrens and was knocked to the ground by CES's "overly friendly" German shepherd guard dog, Gunner. Rabon was transported *124 to the hospital and diagnosed with a broken hip.
Kornahrens was CES's business manager. Although Kornahrens owned the Property, he had no ownership interest in CES[1] . The Property, which is fenced in its entirety, consists of two buildings and a large yard used for storing CES's trucks and equipment. Kornahrens lived in an apartment (the Apartment) in one of the buildings on the Property. Gunner was owned by CES and kept in the yard. Rahall and Kornahrens were both aware that Gunner had previously jumped on visitors.
At the time of Rabon's injury, Rahall and Kornahrens had been involved in a romantic relationship for five years and had been engaged for four years. Rahall owned a home in Myrtle Beach and Rabon lived in a senior living apartment complex in Myrtle Beach. Rahall stayed in the Apartment when she was in Charleston, and Kornahrens stayed at Rahall's home when he was in Myrtle Beach. According to Rahall, she lived with Kornahrens "all the time" during 2010 and "70 percent of the time since 2008." Rahall had a key to the Apartment and kept personal items in the Apartment, but she did not pay rent or utilities. Rahall was not an agent or employee of CES and never had any ownership interest in CES or the Property. Kornahrens periodically invited Rabon to stay at the Apartment.
On December 31, 2010, Rabon filed suit against CES alleging negligence and strict liability. In turn, CES filed a third-party indemnification action against Rahall and Kornahrens. Rabon and CES settled the underlying action for $200,000 in exchange for which Rabon released CES, Rahall, and Kornahrens from liability. Thereafter, the action was dismissed with **322 prejudice as to Rabon's claim and without prejudice as to CES's claims against Rahall and Kornahrens.
On July 3, 2013, CES and its insurance carrier, Selective, filed suit against Rahall seeking to recover half of the settlement proceeds paid to Rabon. The suit was referred to the master-in-equity for trial. On August 2, 2016, the master ruled Rahall did not owe a duty of care to Rabon; thus, Rahall was not liable under either a premises liability theory or the special relationship exception. CES and Selective (collectively, Appellants) appeal.
STANDARD OF REVIEW
An action for contribution lies in equity. RIM Assocs. v. Blackwell , 359 S.C. 170, 178-79 n. 3, 597 S.E.2d 152, 157 n. 3 (Ct. App. 2004). In an action in equity, tried by a master without a jury, an appellate court may view the evidence to determine facts in accordance with its own view of the preponderance of the evidence. Tiger, Inc. v. Fisher Agro, Inc. , 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989). This broad scope of review does not require the appellate court to disregard the findings of the master, who saw and heard the witnesses and was in a better position to evaluate their credibility. Id .
LAW/ANALYSIS
Appellants argue the master erred in finding in favor of Rahall in their action for contribution.
Contribution is defined as the "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." United States v. Atl. Research Corp. , 551 U.S. 128, 138, 127 S.Ct. 2331, 2337-38, 168 L.Ed.2d 28 (2007) (citing Black's Law Dictionary 353 (8th ed. 2004)); S.C. Jur. Contribution § 5 (2015). To maintain an action for contribution, Appellants must show Rahall shares a "common liability" for the damages suffered by Rabon. See S.C. Code Ann. 15-38-40(D) (2005).
Appellants assert Rahall's liability is grounded in negligence. To establish negligence, a plaintiff must show: (1) the defendant owed a duty of care to the plaintiff; (2) the **323 defendant breached the duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff *125 suffered an injury or damages. Steinke v. SC Dep't of Labor, Licensing and Regulation , 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999). "An essential element in a cause of action for negligence is the existence of a legal duty owed by the defendant to the plaintiff." Huggins v. Citibank, NA. , 355 S.C. 329, 332, 585 S.E.2d 275, 276 (2003). In the absence of a duty, there can be no negligence. Id. at 332, 585 S.E.2d at 277.
I. Premises Liability
Appellants contend the master erred in finding Rahall did not owe a duty to Rabon under a premises liability theory. We disagree.
"To establish negligence in a premises liability action, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) defendant's breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Singleton v. Sherer , 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct. App. 2008). "One who controls the use of property has a duty of care not to harm others by its use. Conversely, one who has no control owes no duty." Miller v. City of Camden , 329 S.C. 310, 314, 494 S.E.2d 813, 815 (1997).
Here, the parties agree Rabon was a social guest, or licensee, on the Property. "Under South Carolina jurisprudence, 'a landowner owes a licensee a duty to use reasonable care to discover the licensee, to conduct activities on the land so as not to harm the licensee, and to warn the licensee of any concealed dangerous conditions or activities.' " Singleton , 377 S.C. at 201, 659 S.E.2d at 204 (quoting Landry v. Hilton Head Plantation Prop. Owners Ass'n , 317 S.C. 200, 203, 452 S.E.2d 619, 621 (Ct. App. 1994) ).
The master determined Appellants' position that Rahall was liable for Rabon's injuries under a premises liability theory was "patently meritless." The master found Rabon's injury occurred in the yard of the Property, which was in the exclusive possession and control of CES; thus, CES, as owner **324 and possessor of the yard, was the only party who owed a duty to Rabon. The master held Rahall was a social guest with no legal right to possess or control the Property; therefore, she did not owe a duty to other guests on the Property.
On appeal, Appellants argue Rahall was a possessor of the Property and owed a duty to Rabon to warn her of any dangerous conditions. Appellants contend Rahall knew or should have known Gunner presented a risk of harm to Rabon and should have warned or protected Rabon.
We hold the master did not err in finding Rahall owed no duty to Rabon under a premises liability theory. Rahall, as a social guest in the Apartment, did not possess or control any portion of the Property. Rahall did not pay rent, taxes, or utilities related to the Apartment and maintained a separate residence in Myrtle Beach. Furthermore, although Rahall occupied the Apartment, the remainder of the Property, including the yard where Rabon's injury occurred, were leased to CES and were in its exclusive possession and control.
II. Special Relationship Exception
Appellants argue the master erred in finding Rahall did not owe a duty to Rabon arising out of a special relationship. We disagree.
"Under South Carolina law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger." Faile v. S.C. Dep't of Juvenile Justice , 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002). South Carolina law recognizes five exceptions to this rule: "(1) where the defendant has a special relationship to the victim; (2) where the defendant has a special relationship to the injurer; (3) where the defendant voluntarily undertakes a duty; (4) where the defendant negligently or intentionally creates the risk; and (5) where a statute imposes a duty on the defendant." Id.
The master found the relationship between Rahall and Rabon did not fall under any of the five exceptions listed above. The master noted no South Carolina court had ever imposed upon a child of any age a general duty to protect his or her parent, regardless of age, from harm presented by the conduct of a third party or instrumentality not within the custody and control of the child. The master further found **325 Rahall did *126 not undertake a duty to protect her mother nor did she negligently or intentionally create the risk of Gunner jumping on Rabon. The master held Rahall could not warn Rabon of a danger that she did not know existed.
On appeal, Appellants argue that based upon their special relationship, Rahall owed a duty to warn and protect her elderly mother from the risk of harm posed by going into the yard where Gunner was located. Appellants assert Rahall knew Gunner was an overly friendly dog with a propensity to jump on visitors and could potentially injure her mother. Appellants contend Rahall had the ability to monitor, supervise, and control Rabon's actions on the Property and could have prevented her mother from entering the yard where Gunner was located.
We hold the master did not err in finding Rahall did not owe a duty to Rabon arising out of a special relationship. Our jurisprudence has not extended a legal duty to children to protect, warn, or supervise a parent. We further note the record contains no evidence Rabon was physically or mentally incompetent or unable to care for herself.
CONCLUSION
The decision of the master is AFFIRMED.
THOMAS and GEATHERS, JJ., concur.

CES was originally owned by Kornahrens until his stepson, John Oakley, purchased the company in 1994.