*Bibicheff v. PayPal*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-one.

Present:
>     DEBRA ANN LIVINGSTON,
>         *Chief Judge*,
>     JOSÉ A. CABRANES,
>     GERARD E. LYNCH,
>         *Circuit Judges*.

_____

KARINA BIBICHEFF,

>        *Plaintiff-Appellant*,

>        v.                                                          20-1703

PAYPAL, INC.,

>        *Defendant-Appellee*,

CHASE BANK USA, N.A,

>        *Defendant*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ALLISON N. GROSZ, Bibicheff & Associates, P.C., Brooklyn, NY |
| For Defendant-Appellee: | ARCHIS A. PARASHARAMI, Mayer Brown LLP, Washington, DC |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hurley, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Karina Bibicheff ("Bibicheff") appeals from a May 4, 2020 order of the district court granting the motion to dismiss of Defendant-Appellee PayPal, Inc. ("PayPal") pursuant to Rule 12(b)(6). Bibicheff asserts that the district court erred in dismissing her claims of negligence, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and her claim under Section 349 of the New York General Business Law ("GBL"). Bibicheff alleges that PayPal, in derogation of its own "policies and procedures with respect to suspicious and uncharacteristic account activity," failed to monitor and investigate twelve fake accounts created under Bibicheff's name, business name, and/or social security number by her office manager, who defrauded her. As to the unjust enrichment and breach of implied covenant claims, we affirm for substantially the reasons set forth by the district court. We address Bibicheff's negligence and GBL claims herein, assuming the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### 1. Negligence

The district court dismissed Bibicheff's negligence claim, concluding that Bibicheff failed to plead that PayPal owed her a duty, as required under New York law. We agree. Neither party contests that under New York law, Bibicheff's negligence claim falls short absent the existence of a "special relationship" with PayPal pursuant to which it had a duty to control the conduct of third parties such as Bibicheff's office manager. We agree with the district court that New York courts generally do not impose a duty on businesses to protect their customers from the

acts of third parties absent special circumstances not alleged here. *See, e.g.*, *Polzer v. TRW, Inc.*, 256 A.D.2d 248, 248, 682 N.Y.S.2d 194, 195 (1st Dep't 1998).[1] Accordingly, Bibicheff's negligence claim was properly dismissed.

### 2. New York General Business Law § 349

Bibicheff's GBL § 349 claim is based on a series of alleged misrepresentations made by PayPal on its website including, for example, that "[e]very transaction is monitored and analyzed within milliseconds to identify and help prevent fraud before it occurs," that "[e]very transaction is heavily guarded behind our advanced encryption" and that PayPal "monitor[s] transactions 24/7 to help prevent fraud and identity theft." App'x 142–43. Bibicheff asserts that "[a]s a direct and proximate result" of these statements, she "suffered injuries, including monetary loss," and that the district court erred in dismissing her claim pursuant to the GBL. App'x 145. For the following reasons, we disagree.

Section 349 of New York's General Business Law "prohibits '[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in [New York].'" *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 83 (2d Cir. 2015) (quoting N.Y. Gen. Bus. L. § 349(a)). In order "[t]o maintain a cause of action under § 349, a plaintiff must show: (1) that the defendant's conduct is 'consumer oriented'; (2) that the defendant[] is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010)). As the district court noted,

---

[1] Other courts have applied this same principle with respect to online platforms like PayPal. *See, e.g.*, *Beckman v. Match.com, LLC*, 743 F. App'x 142, 142 (9th Cir. 2018) (applying Nevada law and finding that plaintiff had not established a "special relationship" with Match.com to successfully allege that the website negligently failed "to warn her that another user, with whom the dating website matched her . . . was dangerous," because she "failed to allege facts sufficient to show that her ability to provide for her own protection was limited by her submission to the control of the other such that a special relationship should be found") (internal quotation marks omitted).

Bibicheff's complaint fails to meet the third prong of the GBL analysis, because it does not allege that she saw PayPal's alleged misrepresentations "until after the fraudulent activity and resulting harm had occurred." *Bibicheff v. PayPal, Inc.*, 2020 WL 2113373, at *4 (E.D.N.Y. May 4, 2020). Nor does it allege that she was aware of these representations before that time.[2] Moreover, even if Bibicheff *had* adequately alleged an awareness of the PayPal representations prior to the period during which she was defrauded by her office manager, there is still no basis in the particular circumstances alleged in this complaint to conclude that deceptive practices by PayPal plausibly caused the injury that Bibicheff suffered. As alleged in the complaint, Bibicheff's injury was a result of her office manager's access to Bibicheff's personal and business information, including credit card information – access used by the office manager to defraud Bibicheff, but for which PayPal is not alleged to have been responsible. Indeed, the complaint sets forth no factual allegations to suggest that PayPal would have detected this fraud, even assuming diligent monitoring of the transactions on its platform. Accordingly, Bibicheff has not adequately alleged either that PayPal engaged in a deceptive practice or that this practice caused Bibicheff's injury, and dismissal of Bibicheff's GBL claim was appropriate.

---

[2] We note that some courts in the context of assessing a § 349 claim have required a plaintiff to specifically allege that she *saw* an alleged misrepresentation *prior to* when the stated harm occurred, *see, e.g.*, *Gale v. Int'l Bus. Machs. Corp.*, 9 A.D.3d 446, 447, 781 N.Y.S.2d 45, 47 (2d Dep't 2004); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014), while others assert that New York law only requires a plaintiff to allege facts sufficient for a court to reasonably infer that the plaintiff was *aware of* or otherwise exposed to the deceptive conduct prior to the injury, *see, e.g.*, *Pelman ex rel. Pelman v. McDonald's Corp.*, 272 F.R.D. 82, 87 (S.D.N.Y. 2010) (finding that plaintiffs were "aware" of the deceptive advertising because plaintiffs alleged that the advertisements "were disseminated in . . . television, radio, internet, magazine, periodical, in-store poster advertisements, and press releases," so the court could properly infer that plaintiffs "ha[d] been exposed to them in some manner.") (quoting *Pelman v. McDonald's Corp.*, 452 F. Supp. 2d 320, 328 (S.D.N.Y. 2006)); *Ware v. Theladders.com, Inc.*, 3 F. Supp. 3d 151, 169–70 (S.D.N.Y. 2014); *Johnson v. JPMorgan Chase Bank, N.A.*, 2020 WL 5608683, at *12 (S.D.N.Y. Sept. 21, 2020). Bibicheff's claim fails under either standard.

### 3. Leave to Amend

Finally, Bibicheff argues that the district court erred in denying her leave to amend her pleadings under Rule 15, having found that any amendment would be futile. While we generally review a denial of a motion for leave to amend for abuse of discretion, "[w]hen the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). On independent review of the record and relevant case law, we agree with the district court that amendment would be futile, and thus affirm the district court's denial of leave to amend.

\*　　\*　　\*

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5