**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kesha Petty, Appellant,

v.

Cathy Biggerstaff, individually and as owner of B&B Amusement, Inc., and B&B Amusement, Inc., Respondents.

Appellate Case No. 2022-001304

———————

Appeal From Spartanburg County
Shannon Metz Phillips, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-285
Submitted May 1, 2026 – Filed June 10, 2026

———————

**AFFIRMED**

———————

Kesha Petty, of Spartanburg, pro se.

Kenneth Jay Anthony, of Anthony Law, LLC, of Greenville, for Respondents.

———————

**PER CURIAM:** Kesha Petty appeals the master-in-equity's order which determined (1) she was unjustly enriched by B&B Amusement, Inc. (B&B Amusement) in the amount of $10,265.80, (2) B&B Amusement was unjustly enriched by Petty in the amount of $3,200, (3) B&B Amusement was entitled to

restitution in the amount of $7,065.80, and (4) Cathy Biggerstaff was not owed in her personal capacity and was not personally liable. On appeal, Petty argues the master erred in finding (1) a contract or agreement existed between the parties, (2) Petty was unjustly enriched for which B&B Amusement was entitled to restitution, and (3) Biggerstaff was not personally liable. We affirm pursuant to Rule 220(b), SCACR.

1. We hold this issue is not preserved for appellate review because Petty did not argue before the master that specific terms agreed upon by the parties could not be used in calculating the amount of restitution owed by either party and did not contend this consideration amounted to finding a contract existed. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

2. We hold the master did not err in finding both Petty and B&B Amusement were unjustly enriched, and that Petty owed B&B Amusement $7,065.80 in restitution. *See Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) ("Unjust enrichment is an equitable doctrine which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."); *Charleston Elec. Servs., Inc. v. Rahall*, 427 S.C. 317, 322, 831 S.E.2d 122, 124 (Ct. App. 2019) ("In an action in equity, tried by a master without a jury, an appellate court may view the evidence to determine facts in accordance with its own view of the preponderance of the evidence."); *id.* ("This broad scope of review does not require the appellate court to disregard the findings of the master, who saw and heard the witnesses and was in a better position to evaluate their credibility.").

We hold the master did not err in determining that Petty owed B&B Amusement $10,265.80 in restitution. First, B&B Amusement conferred a non-gratuitous benefit to Petty—the possession of the Property—from March to November of 2019. Although Petty contends she was only in possession of the Property until August, Petty's answers to Respondents' requests to admit stated she was in possession of the Property until November 2019. Second, Petty realized some value from the benefit, as she utilized the Property to hold personal events, store inventory, and set up her business. Third, it would have been inequitable for Petty to retain the benefit without paying B&B Amusement for its value. *See Dema*, 383 S.C. at 123, 678 S.E.2d at 434 ("A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another."); *56 Leinbach Invs., LLC v. Magnolia Paradigm, Inc.*, 411 S.C. 466, 479, 769 S.E.2d

242, 249 (Ct. App. 2014) (stating that to recover for a claim of unjust enrichment, a party must show: "(1) he conferred a non-gratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value" (quoting *Inglese v. Beal*, 403 S.C. 290, 297, 742 S.E.2d 687, 691 (Ct. App. 2013))); *Inglese*, 403 S.C. at 298, 742 S.E.2d at 691 ("[N]ot just any benefit conferred meets the first element. Rather, the benefit must be non-gratuitous, either because it was conferred at [the defendant's] request or because the circumstances were such that [the plaintiff] could reasonably rely on [the defendant] for repayment.").

Next, Petty granted B&B Amusement a benefit by cleaning the Property and repairing the damaged wall, B&B realized this benefit, and it would have been inequitable for B&B to retain this benefit without paying Petty for its value. *See 56 Leinbach Invs., LLC*, 411 S.C. at 479, 769 S.E.2d at 249 (stating that to recover for a claim of unjust enrichment, a party must show: "(1) he conferred a non-gratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value" (quoting *Inglese*, 403 S.C. at 297, 742 S.E.2d at 691)). Biggerstaff testified the parties agreed that B&B Amusement would compensate Petty for the cleaning of the Property by waiving the security deposit and first month's rent, each totaling $800. Additionally, Biggerstaff agreed that B&B Amusement intended to help with the labor for the repair of the wall, but was unable to, and that $1,600 was fair credit to Petty based upon Petty's provided receipts. Therefore, we hold the master did not err in determining B&B Amusement owed Petty $3,200 in restitution. However, we hold Petty did not confer a non-gratuitous benefit to B&B Amusement with the remaining work she completed on the Property to "transform[] the building" to "further [her] []vision for [her] business." Petty could not have reasonably relied upon B&B Amusement for repayment for this work and B&B Amusement did not realize any value from it. *See id.* (stating that to recover for a claim of unjust enrichment, a party must show: "(1) he conferred a non-gratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." (quoting *Inglese*, 403 S.C. at 297, 742 S.E.2d at 691)); *Inglese*, 403 S.C. at 298, 742 S.E.2d at 691 ("[N]ot just any benefit conferred meets the first element. Rather, the benefit must be non-gratuitous, either because it was conferred at [the defendant's] request or because the circumstances were such that [the plaintiff] could reasonably rely on [the defendant] for repayment."). In sum, because B&B Amusement was entitled to $10,265.80 in restitution from Petty, and Petty was

entitled to $3,200 in restitution from B&B Amusement, the master did not err in finding B&B Amusement was entitled to the difference—$7,065.80—in restitution.

3.  We hold this issue is moot because the master did not err in finding Petty was not entitled to restitution; therefore, a finding that Biggerstaff was personally liable would have no practical effect.  *See Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy.  This is true when some event occurs making it impossible for [a] reviewing [c]ourt to grant effectual relief."); *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.