21863

The STATE, Respondent, v. James Edward LOFTIN, Appellant.
(300 S. E. (2d) 480)

*Deputy Appellate Defender David W. Carpenter, of S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Attorney Carlisle Roberts, Jr.,* Columbia, *for respondent.*

Feb. 17, 1983.

LEWIS, Chief Justice:

James Edward Loftin appeals from (1) the revocation of the probationary portion of his ten year sentence for grand larceny on the basis of his guilty plea to ten counts of attempting to avoid payment of telecommunications services, and (2) two adjudications of contempt of court. We affirm.

In April 1974, appellant was sentenced to ten years' imprisonment, suspended upon service of five years and five years' probation for grand larceny. On November 5, 1979, while serving the probationary term, appellant was convicted of forgery and was sentenced to two years' imprisonment. The trial judge also revoked his probation.

In January and February of 1980, while incarcerated for the forgery offense and the revoked probation, appellant committed numerous telecommunications offenses. He pled guilty to those offenses in August 1980 and was sentenced to six months' confinement, consecutive to the prior sentences.

On February 18, 1981, this Court reversed appellant's conviction of forgery and set aside the revocation of probation. See *State v. Loftin*, 276 S. C. 48, 275 S. E. (2d) 575 (1981). In July 1981, another trial judge again revoked appellant's probation on the basis of his guilty plea to the ten telecommunications offenses. Loftin appeals from this revocation.

Generally, offenses occurring when a person is not in a probationary status cannot serve as a basis for revocation since the conduct did not violate any conditions then in existence. See *State v. De Angelis*, 257 S. C. 44, 183 S. E. (2d) 906 (1971); *O'Steen v. State*, 261 So. (2d) 208 (Fla. App. 1972). However, where, as here, probation has begun to run, is later revoked for violations of that probation, and the revocation is later successfully appealed, we hold a probationer is not excused for violations of the probation which occur pending the appeal.

In his prior appeal, appellant, in effect, sought to maintain his status as a probationer. He was successful and should now be held accountable as such.

Appellant next argues the trial judge erred in declining to recuse himself from presiding over appellant's hearing. After appellant's probation was revoked, he al-

leged the trial judge was prejudiced against him because of a lawsuit he had filed against the trial judge. The trial judge stated he had not been served with any suit. Not only was the matter not timely raised but also there is no evidence of prejudice on the part of the trial judge.

After the revocation of probation, appellant twice refused to submit to fingerprinting and was twice sentenced to six months' confinement for contempt of court. He again raised the subject of the trial judge's alleged prejudice against him *after* he was sentenced. Again, the matter was not timely raised and there is no evidence of prejudice on the part of the trial judge.

Accordingly, the order of the trial judge is affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

HARWELL, J., not participating.