1749

Mark Stephen STEELE, Appellant v. Michael ROGERS, David Jackson, and Smith-Rogers Oil Company, Inc., of whom Smith-Rogers Oil Company, Inc., is Respondent.

(413 S.E. (2d) 329)

Court of Appeals

*Haigh Porter, Gena Phillips Ervin* and *D.M. McEachin, Jr.* of *Porter & McEachin,* Florence, *for appellant.*

*Michael M. Nunn* of *Coleman, Aiken & Chase,* Florence, *for respondent.*

Heard Nov. 11, 1991; Decided Jan. 6, 1992.

Reh. Den. Feb. 5, 1992.

BELL, Judge:

This is an action in tort for personal injury allegedly arising out of the illegal sale of alcohol to a minor. Mark Stephen Steele sued Michael Rogers, David Jackson, and Smith-Rogers Oil Company, Inc., seeking damages for injuries from a gunshot wound. The complaint alleged, among other things, that

the Oil Company sold two six packs of beer to Rogers, who was seventeen years of age, and, as a result, Steele was shot with a sawed off shotgun. After answering the complaint, the Oil Company moved for summary judgment. The circuit court granted the motion. Steele appeals. We reverse and remand.

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In ruling on a motion for summary judgment, the evidence and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Davis v. Piedmont Engineers, Architects and Planners, P.A.*, 284 S.C. 20, 324 S.E. (2d) 325 (Ct. App. 1984).

Viewed in the light most favorable to Steele, the evidence was as follows. On the evening of May 12, 1984, Steele met three friends, David Jackson, Michael Rogers, and Clay Baldwin, at a skating rink in the Pee Dee Community of Marion County, South Carolina. All four were teenaged minors at the time. While they were at the rink, they sneaked outside to drink a beer from someone's car. When they were ready to leave the rink, they got into Steele's car. They decided to purchase more beer and go to Rogers' house to drink it. Rogers said he knew a lady at Tiger Mart, a convenience store operated by the Oil Company, where he could probably "get by" with purchasing the beer.

Steele drove to the Tiger Mart. Rogers went into the store and purchased two six packs of beer while the other three sat in the car and watched. They could see the cashier from the car. When Rogers returned to the car with the beer, he handed it to Baldwin, who passed it out. Baldwin, Rogers, and Jackson began drinking beer in the car on the way to Rogers' house, a two or three minute drive from the Tiger Mart. At the house, the group went in, watched television, and continued drinking beer.

While they were drinking, they began talking about guns. After they consumed two or three beers apiece, Rogers went to another room and brought back a sawed off shotgun. It was passed around the group. They decided to go outside and fire the gun. Rogers again left the room and returned with ammunition and a .22 caliber rifle. He gave two or three shotgun shells to Jackson, who was holding the shotgun. As they left the house, Jackson, with the shotgun in hand, was following

Steele across a screened porch. The shotgun accidentally discharged, wounding Steele in the leg. There was evidence that at the time of the accident, the group could feel the effect of the alcohol and that, although no one was falling down drunk, they had "a little buzz on" from drinking the beer.

Steele stated two causes of action against the Oil Company: one based on negligence *per se* and one based on public nuisance. In the order granting summary judgment, the circuit court assumed for the purpose of deciding the motion that the Oil Company knowingly sold beer to a person under eighteen years of age. The court found the sale violated statutes and regulations in effect at the time and that these violations constituted negligence *per se* and a public nuisance. The court then held Steele must additionally prove the injuries from the accidental shooting where the proximate result of the Oil Company's conduct. Turning to the question of proximate cause, the court stated:

> In the present case, there is no evidence that any of the youth [sic] involved became intoxicated or impaired as a result of the Defendant's alleged sale of alcohol. Intoxication or at least some impairment would be essential to establish proximate cause in the present case. The mere placing of alcoholic beverages into the flow of commerce by selling them to a minor does not render the vendor strictly liable for every ensuing act.

The court correctly held the sale of alcoholic beverages to a minor does not render the vendor strictly liable for every ensuing act. Moreover, even if the sale constitutes negligence *per se*, the plaintiff must still show a causal connection between the defendant's negligence and his own injury to recover damages. *See Scott v. Greenville Pharmacy, Inc.*, 212 S.C. 485, 48 S.E. (2d) 324 (1948). Violation of the statute is not conclusive of liability. *Whitlaw v. The Kroger Company*, 306 S.C. 51, 410 S.E. (2d) 251 (1991). The plaintiff must prove the violation of the statute was causally linked, both in fact and in law, to the injury. *Id.*

The circuit court erred, however, in finding there was no evidence that any of the youths in this case became intoxicated or impaired as a result of the Tiger Mart's selling alcohol to Michael Rogers. There was evidence that the

group drank the beer sold to Rogers and that they were feeling the effect of the alcohol at the time of the accident. Giving Steele the benefit of the favorable inferences from the evidence, there were genuine issues of fact as to whether the beer had impaired the boys' inhibitions, impaired their judgment about the danger of playing with firearms and live ammunition, or impaired their physical coordination and reflexes in a manner that contributed to the accident. Summary judgment was inappropriate.

The circuit court also stated Steele submitted no affidavit or deposition of any officer or employee of the Oil Company which would suggest the injury was foreseeable. The court concluded the Company could not reasonably have foreseen that the sale of beer to a minor would result in another minor being accidentally shot.

To establish proximate causation, the plaintiff must prove both causation in fact and legal cause. *Bramlette v. Charter-Medical-Columbia*, 302 S.C. 68, 393 S.E. (2d) 914 (1990).

Causation in fact is proved by establishing the injury would not have occurred "but for" the defendant's negligence. Legal cause is proved by establishing foreseeability. Although foreseeability of some injury from an act or omission is a prerequisite to establishing proximate cause, the plaintiff need not prove that the actor should have contemplated the particular event which occurred. The defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence. A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's negligence.

*Id.* at 74, 393 S.E. (2d) at 916 (citations omitted).

A negligent act or omission is a proximate cause of injury if, in a natural and continuous sequence of events, it produces the injury, and without it, the injury would not have occurred. Where the injury complained of is not reasonably foreseeable there is no liability. One is not charged with foreseeing that which is unpredictable or which would not be expected to happen as a natural and probable consequence of the defendant's negligent act.

> Foreseeability is to be judged from the perspective of the defendant at the time of the negligent act, not after the injury has occurred.

*Crolley v. Hutchins,* 300 S.C. 355, 357, 387 S.E. (2d) 716, 717 (Ct. App. 1989).

> Ordinarily, foreseeability is a question of fact to be decided by the jury. *See Jamison v. The Pantry, Inc.,* 301 S.C. 443, 392 S.E. (2d) 474 (Ct. App. 1990) (foreseeability is a jury question where defendant made illegal sale of beer to minor). In a case like this one, the question is whether one who sells beer to a minor can reasonably foresee that the underage purchaser will share the beer with other minors, who will, in turn, become intoxicated and cause injury to themselves or others. *See Anderson v. Moulder,* 394 S.E. (2d) 61 (W. Va. 1990). Except in extraordinary cases, this is a question to be decided on the facts of each case rather than as a matter of law. Among the factors the factfinder may consider are: (1) the quantity and character of the beverages purchased; (2) the time of the sale; (3) the place of sale; (4) the character of the vicinity; (5) the seller's opportunity to observe other persons on the premises or in a vehicle with the underage purchaser; (6) statements and behavior of the underage purchaser or any companions; and (7) any other relevant circumstances of the sale or the seller's knowledge. *Id.*

> In this case, the evidence made foreseeability a genuinely disputed issue. Rogers came to the Tiger Mart in a car full of teenaged males on a weekend night, a time when young males commonly engage in social drinking. It is inferable that they were visible from the cashier's position in the store. Rogers entered the store while the others waited in the car. He was a youth. He purchased two six packs of beer, inferably a larger quantity than he intended to consume alone and enough to make a small group of young drinkers more or less intoxicated. From these circumstances a jury might reasonably conclude it was foreseeable that in the natural course of events the underaged purchaser would share the beer with the other minors, who could become intoxicated and cause injury to themselves or others.

> The Oil Company argues that the particular injury to Steele—wounding by a shotgun blast—was too remote from the sale of the beer to be foreseeable. *See Crolley*

*v. Hutchins*, 300 S.C. 355, 387 S.E. (2d) 716 (Ct. App. 1989) (attempted suicide in jail cell after arrest for disorderly conduct too remote from act of illegally serving intoxicated person alcohol to be foreseeable, as one does not expect a person to attempt suicide as a natural and probable result of being served a drink while intoxicated). We are not prepared to say that a shooting, cutting, or other wounding related to the consumption of alcohol is so uncommon an event as to be unforeseeable as a matter of law in all circumstances.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *LaMotte v. Punch Line of Columbia, Inc.*, 296 S.C. 66, 370 S.E. (2d) 711 (1988). The circuit court erred, therefore, in reasoning that the Oil Company was entitled to summary judgment because Steele did not produce an affidavit or deposition of an Oil Company employee showing the injury was foreseeable. Moreover, the evidence the Company presented in support of summary judgment was not complete enough to establish beyond dispute that the injury was unforeseeable at the time the beer was illegally sold. On the contrary, because this is a case where further inquiry into the facts is desirable to clarify the application of the law, summary judgment is inappropriate. *See Baugus v. Wessinger*, — S.C. —, 401 S.E. (2d) 169 (1991).

In reversing the summary judgment, we express no view on how the case should be resolved on the merits. The plaintiff, of course, has the burden of proving each element of his cause of action at trial, including the element of causation in fact. His claim is also subject to any affirmative defenses the defendant chooses to raise, including contributory negligence, assumption of the risk, and independent intervening cause. These are matters to be decided by the factfinder after both parties have fully presented their evidence.

Reversed and remanded.

SHAW and CURETON, JJ., concur.