673 S.E.2d 826

**John R. CHASTAIN and Katharine Chastain, Appellants,**

**v.**

**John H. HILTABIDLE, Talle G. Hiltabidle and C. Dan Joyner Company, Inc., Defendants, Of Whom C. Dan Joyner Company, Inc. is the, Respondent.**

No. 4487.

Court of Appeals of South Carolina.

Heard Dec. 2, 2008.

Decided Jan. 22, 2009.

Rehearing Denied March 24, 2009.

William H. Ehlies, II, of Greenville, for Appellants.

Samuel W. Outten and Sandi R. Wilson, both of Greenville, for Respondent.

WILLIAMS, J.:

In this action for negligence, Appellants argue the trial court erred in granting summary judgment in favor of Respondent because Respondent's motion for summary judgment was procedurally defective, or, in the alternative, because the trial court erred in holding a realtor does not have a legal duty to investigate latent defects in property or to advise his or her clients on matters outside the scope of his or her expertise. We affirm.

## FACTS/PROCEDURAL HISTORY

C. Dan Joyner Company, Inc. (Realtor) provides residential real estate services throughout the Greenville area. Joan Herlong (Agent) is an independent contractor for Realtor who provides services to individuals seeking to purchase or sell

real estate. In January 2003, John H. Hiltabidle and Talle G. Hiltabidle (Sellers) engaged Agent in conjunction with the sale of Sellers' residence (the Property).

Agent listed the Property for sale in 2003. Appellants John R. Chastain and Katherine Chastain (Buyers) were interested in purchasing the property and hired Agent.[1] Buyers submitted an offer for the Property and Sellers accepted the offer that same day. Pursuant to S.C.Code. Ann. § 27–50–10 to – 110 (Supp.2008), the contract for sale was contingent on Sellers' completion of a form titled "State of South Carolina Residential Property Condition Disclosure Statement" (the Disclosure). According to the express terms of the Disclosure, it was "not a warranty," and it was "not a substitute for any inspections [Buyers] may wish to obtain."

On the Disclosure, Sellers responded affirmatively to two inquiries. First, they responded "yes" to a question that asked: "Water seepage, leakage, dampness or standing water or water intrusion from any sources in any area of the structure?" Sellers explained their affirmative response to this question in the Comments section of the Disclosure, describing two past flooding events:

> Early 1990's: Hurricane Hugo. Some storm runoff in garage [and] laundry room due to blockage of culvert under Wembley Rd. Action [taken]: Re-landscape to allow water to flow toward creek.

> Fall 2002: Major tropical storm caused major flooding [and] road damage (throughout Greenville)—Very light water seepage into garage due to blockage of culvert under Wembley. Action taken: City improved swale along Wembley Rd. Project started to install a device to prevent blockage of culvert.

> The creek on [the Property] has never exceeded its banks.

Second, Sellers responded "yes" to a question that asked, "Flood hazards or that the property is in a federally designated flood plane [sic]?" In a handwritten note next to their "yes" answer, Sellers wrote, "Ground floor above 100 [year] flood level."

---

1. Sellers and Buyers each executed a "Consent to Dual Agency" agreement on January 30, 2003, thereby allowing Realtor to be the agent for both the buyer and the seller of the Property.

Following Buyers' purchase of the Property, two days of rain resulted in several inches of water intrusion onto the Property, causing damage to Buyers' furniture and to the Property itself.

Buyers filed an initial summons and complaint alleging causes of action for negligence and fraud [2] against Sellers arising out of the statements in the Disclosure. An amended complaint added Realtor as a defendant. A second amended complaint added Agent as a defendant. All defendants answered denying the allegations of the complaint. The parties agreed to dismiss Agent as an individual defendant on the stipulation that, at all times relevant to this action, she was acting within the course and scope of her employment with Realtor.

Realtor filed a motion for summary judgment on the negligence cause of action and included a written memorandum in support. In the memorandum in support, Realtor asserted two arguments. First, the Disclosure did not contain any substantively inaccurate or misleading information. Second, Realtor did not have actual or constructive knowledge of the alleged inaccuracies in the Disclosure. Buyers filed a motion in opposition to Realtor's motion for summary judgment and a hearing was held on Realtor's motion. Following oral arguments, the trial court granted summary judgment in favor of Realtor on the basis that Realtor did not have a legal duty to investigate latent defects in properties or to advise clients on matters outside the scope of its expertise.

A Form 4 reflecting the trial court's decision was entered on April 24, 2007. Thereafter, Buyers filed a Rule 59(e) motion in which they argued the trial court did not issue a detailed order reflecting its findings of fact and conclusions of law, did not rule on their Rule 7(a) Due Process argument, and did not comply with the rule that novel issues should be decided with a full and complete record. The trial court issued a seven-page order in which it set forth the factual and legal basis for finding in favor of Realtor. Buyers responded by filing a second Rule 59(e) motion, the substance of which was essen-

---

2. Buyers' action for fraud was eventually dismissed on October 10, 2006. Only the action for negligence remains.

tially identical to their previous Rule 59(e) motion. This motion was denied without a hearing. This appeal follows.

## STANDARD OF REVIEW

An appellate court reviews the grant of summary judgment under the same standard applied by the trial court. *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). The trial court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; *Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 217, 578 S.E.2d 329, 334 (2003). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006). A court considering summary judgment makes neither factual determinations nor considers the merits of competing testimony. *David*, 367 S.C. at 250, 626 S.E.2d at 5. However, summary judgment is appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner. *Id.* To survive a motion for summary judgment, the non-moving party must offer some evidence that a genuine issue of material fact exists as to each element of the claim. *Steele v. Rogers*, 306 S.C. 546, 552, 413 S.E.2d 329, 333 (Ct.App.1992).

## LAW & ANALYSIS

### 1. Due Process/Notice

██ Realtor first argues the trial court's grant of summary judgment should not be reversed on procedural grounds because Buyers failed to present their current argument, that Realtor's summary judgment motion did not comply with Rule 7(b)(1), SCRCP, and Rule 56, SCRCP, to the trial court at the motion hearing or in their motion for reconsideration. We disagree.

██ It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue

unless it was raised to and ruled upon by the trial court. *Lucas v. Rawl Family Ltd. P'ship,* 359 S.C. 505, 510–511, 598 S.E.2d 712, 715 (2004). When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e) motion. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998) (noting that proper use of a Rule 59(e) motion is to preserve issues raised to but not ruled upon by the trial court); *Walsh v. Woods,* 371 S.C. 319, 325, 638 S.E.2d 85, 88 (Ct.App.2006) (finding issue on appeal was not preserved because the trial court did not rule on the issue and it was not raised in a Rule 59(e) motion).

■ Buyers argued in their motion in opposition that Realtor's motion for summary judgment "should be dismissed as violative of SCRCP 7(b) because it does not particularize the grounds upon which the relief is sought and therefore fails to provide notice to the adverse party in violation of due process guarantees." Thus, the issue of Rule 7(b) was timely raised to the trial court.[3] However, at no time thereafter did the trial court specifically rule on this issue. When the issue was raised but not ruled upon, it became incumbent upon Buyers to raise the issue in a Rule 59(e) motion. *Wilder Corp.,* 330 S.C. at 77, 497 S.E.2d at 734. Buyers filed not one but two Rule 59(e) motions. The substance of these motions, which are essentially identical, is limited to the following arguments:

> This motion is made pursuant to SCRCP, Rule 59(e). The grounds for the motion are that the court's [order] . . . is incomplete and ambiguous, sets forth neither findings of fact nor conclusions of law, fails to set forth the court's reasoning for its rulings, does not rule upon **the plaintiffs [sic] SCRCP 7(a) Due Process argument,** is impossible to review on appeal, violates the rule that novel issues should be decided with a full complete record, and it fails to fairly

3. Buyers did not allege non-compliance with Rule 56, SCRCP, in their motion in opposition or in their Rule 59(e) motion. Accordingly, we do not address this argument on appeal. *See Lucas,* 359 S.C. at 510–511, 598 S.E.2d at 715 (holding an appellate court will not address issues raised for the first time on appeal).

set forth facts in the record that contradict the assertions made in the order.

(emphasis added).

Buyers base their argument to this court on Rule 7(b)(1), SCRCP.[4] In their Rule 59(e) motions to the trial court, however, Buyers asserted a "Rule 7(a) Due Process argument," rather than a Rule 7(b)(1) argument.[5] In light of this apparent scrivener's error, Realtor argues Buyers failed to properly present their Rule 7(b)(1) argument to the trial court and, therefore, may not argue the issue now. We disagree.

Although Buyers' Rule 59(e) motion is technically insufficient to preserve the issue of Rule 7(b)(1), this Court will not apply the rules of error preservation so rigidly as to bar an otherwise properly presented issue. *See State v. Guillebeaux,* 362 S.C. 270, 274 n. 1, 607 S.E.2d 99, 101 n. 1 (Ct.App.2004) (holding although Guillebeaux's issue on appeal referred to a motion for mistrial instead of a motion for a new trial, the court treated the references to mistrial in his appellate brief as a scrivener's error because the substance of the appellate argument focused on the failure of the trial judge to grant a new trial under the circumstances); *State v. James,* 362 S.C. 557, 562, 608 S.E.2d 455, 458 (Ct.App.2004) (holding although James did not use the term "substantial circumstantial evidence" in his motion for a directed verdict, the argument was properly before the court because he argued in his directed verdict motion there was insufficient evidence to support the elements of the charge); *State v. Russell,* 345 S.C. 128, 132, 546 S.E.2d 202, 204 (Ct.App.2001) (holding although Russell

---

**4.** Rule 7(b)(1), SCRCP, states: "An application to the court for an order shall be by motion which, unless made during a hearing or trial in open court with a court reporter present, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

**5.** Rule 7(a), SCRCP, states: "There shall be a complaint and an answer; and a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14, and there shall be a third-party answer, if a third-party complaint is served. No other pleadings shall be allowed, except that the court may order a reply to an answer or a third-party answer; and there may be a reply to affirmative defenses as provided in Rule 8(c)."

did not use the exact words *"corpus delicti"* in his request for a directed verdict, it was clear from the argument presented in the record that the motion was made on this ground).

In this case, Buyers' Rule 7(b)(1), SCRCP, due process argument was presented and is, therefore, preserved for two reasons. First, Buyers previously presented a Rule 7(b) due process argument to the trial court in their memorandum in opposition to summary judgment. Thus, when Buyers referred to "the plaintiff's Rule 7(a) Due Process argument" in their Rule 59(e) motions, it appears they were referring to their previous Rule 7(b)(1) due process argument that the trial court had not ruled on. Second, Buyers called their Rule 7(a) argument a "Due Process argument." Because Buyers have maintained only one due process argument in this case, namely the "particularity" requirement in Rule 7(b)(1), SCRCP, correcting the scrivener's error in this case is warranted. *See Holroyd v. Requa,* 361 S.C. 43, 60, 603 S.E.2d 417, 426 (Ct.App.2004) ("Our courts have corrected scriveners' errors when warranted."). We, therefore, find this issue was sufficiently raised in the Rule 59(e) motions and, thus, properly preserved for review.

## 2. Prejudice

■ Realtor next argues, even if the court finds Buyers properly preserved the question of whether Realtor complied with Rule 7(b)(1), SCRCP, summary judgment in favor of Realtor should be not be reversed on procedural grounds because Buyers can show no prejudice from the allegedly deficient notice. We agree.

■ As a general rule, a party must establish prejudice as the result of another's failure to comply with Rule 7(b)(1), SCRCP. *See M & M Group, Inc. v. Holmes,* 379 S.C. 468, 474, 666 S.E.2d 262, 265 (Ct.App.2008) (subjecting Rule 7, SCRCP, to a prejudice analysis). To demonstrate prejudice in a matter involving allegedly insufficient notice, an appellant must establish if he or she had received appropriate notice, he or she would have done something different, thereby affecting the decision of the trial court and advancing his or her case. *Gardner,* 353 S.C. at 14, 577 S.E.2d at 197.

As applied to this case, Buyers must demonstrate they were unable to marshal an effective defense in opposition to Realtor's motion for summary judgment due to Realtor's failure to provide sufficient notice of the particular grounds on which its motion was based. In other words, Buyers must show that had they received adequate notice, they would have done something different.

Buyers have made no such showing. A week before the hearing on Realtor's motion for summary judgment, Buyers filed a memorandum in opposition to Realtor's motion for summary judgment in which they set forth detailed legal arguments and factual bases for their opposition to Realtor's motion for summary judgment and supporting memorandum. Although Buyers claim they were not put on notice of the particular grounds upon which Realtor sought relief, their memorandum in opposition addresses the very same issues upon which the trial court ultimately granted summary judgment in favor of Realtor, namely, whether Realtor had a duty to investigate latent defects or representations by a seller, and whether there existed questions of fact as to whether Realtor had violated the statute. Thus, the alleged lack of notice did not prevent Buyers from marshaling a defense in opposition to Realtor's motion. Furthermore, Buyers have failed to articulate any new argument or factual issue that they were unable to present to the trial court due to a lack of notice. Their brief on appeal essentially mirrors their motion in opposition. As such, the Buyers' argument that but for the lack of notice, they would have done something different, is unconvincing in light of the fact that they put forth the same arguments now that they did at the motion hearing. We, therefore, hold Buyers' procedural Due Process argument is without merit.

### 3. Merits

Buyers argue the trial court erred in granting summary judgment because Realtor owed them a duty of reasonable care and disclosure and because questions of fact remain as to what Realtor knew or should have known about the flooding history of the Property. We disagree for two reasons. First, to the extent that Realtor, as a real estate licensee, owes Buyers a legal duty, this duty does not include investigating the veracity or adequacy of statements made on the Disclo-

sure. Second, Buyers have presented no evidence that Realtor had actual or constructive knowledge that the statements on the Disclosure were inaccurate or incomplete.

### i. Existence of a Duty

An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff, and absent such a duty, no actionable negligence exists. *Bishop v. S.C. Dep't of Mental Health,* 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998). The determination of whether a duty exists in regard to the wrong alleged is a question of law for the court. *Huggins v. Citibank, N.A.,* 355 S.C. 329, 332, 585 S.E.2d 275, 276 (2003). If no duty exists, the defendant is entitled to judgment as a matter of law. *Id.*

A real estate licensee is "not obligated to discover latent defects in property or to advise the agent's clients on matters outside the scope of the agent's real estate expertise." S.C.Code Ann. § 40–57–137(F) (Supp.2007); *see also* S.C.Code Ann § 27–50–80 (Supp.2007) (stating a real estate licensee has no duty to inspect the onsite or offsite conditions of the property and any improvements). Additionally, a real estate licensee is not liable to a purchaser if: (1) the owner provides the purchaser with a disclosure form that contains false, incomplete, or misleading information, and (2) the real estate licensee did not know or have reasonable cause to suspect the information was false, incomplete, or misleading. S.C.Code Ann. § 27–50–70 (Supp.2007); *see also* S.C.Code Ann. § 40–57–137(F) (stating a real estate company is "not liable to a buyer for providing the buyer with false or misleading information if that information was provided to the licensee by his client and the licensee did not know or have reasonable cause to suspect the information was false or incomplete"). Taken together, these sections provide that a real estate licensee does not have a duty to inspect or investigate the physical condition of a piece of property for the purpose of confirming or denying statements made by a seller in a disclosure statement. Rather, the Legislature places the duty of performing such an inspection or investigation squarely on the shoulders of the buyer. *See* S.C.Code Ann. § 27–50–80 ("This article does not limit the obligation of the purchaser to inspect the

physical condition of the property and improvements that are the subject of a contract covered by this article.").

Here, Buyers were put on notice by Sellers' statements in the Disclosure that the Property had some history of flooding. To place on Realtor and other real estate licensees the burden of further investigating the accuracy of such statements would require them to have expertise in plumbing, electrical and construction codes. Because we do not believe this was the intent of the Legislature, we affirm the trial court.

### ii. Evidence of Actual or Constructive Knowledge

In their brief, Buyers present evidence from which it could be inferred that Realtor knew there was a history of flooding in the neighborhood of the Property prior to 2003. For instance, Realtor represented Sellers in their purchase of the Property in 1985, at which time the Property had already experienced roughly $10,000 worth of flood damage due to a 1982 flood. Additionally, numerous individuals associated with Realtor live in the same neighborhood where the Property is located. As such, Buyers argue because this evidence is sufficient to raise a question of fact as to whether Realtor knew or should have known the Property was prone to flooding, summary judgment was improper.

However, even assuming the substantive information about flooding in the Disclosure was inaccurate or incomplete, and further assuming Realtor knew the Property had flooded in the past, it would not necessarily follow that Realtor knew Sellers' statements in the Disclosure about the Property's flooding history were inaccurate or incomplete. As stated above, if the owner of a property provides the purchaser with a disclosure form that contains false, incomplete, or misleading information, the real estate licensee is not liable unless he or she knew or had reasonable cause to suspect the information in the disclosure form was false, incomplete, or misleading. S.C Code Ann. § 27–50–70. The statute is concerned with whether a real estate licensee knows the statements in a disclosure form are false, not simply whether the licensee knows of a defect in the property. Therefore, to survive summary judgment, Buyers must present evidence that raises a question of fact as to whether Realtor knew or should have known that the statements in the Disclosure were inaccurate.

*See Steele,* 306 S.C. at 552, 413 S.E.2d at 333 (holding to survive a motion for summary judgment, the non-moving party must offer some evidence that a genuine issue of material fact existed as to each element of the claim).

Buyers have not presented such evidence. First, Buyers have not provided any evidence that Realtor knew of any inaccuracies in the Disclosure. Second, Buyers stated under oath they were unaware of any evidence that Agent had knowledge of any false, incomplete or misleading information in the Disclosure. John Chastain testified as follows:

Q: Do you have any knowledge that [Agent] had any knowledge of any of these events described to you by your neighbors?

A: I have no knowledge, no.

Q: Do you have any knowledge that [Agent] had any knowledge of these alleged water problems which she did not disclose to you?

A: I do not.

Q: Do you have any knowledge that [Agent] withheld any knowledge she may have had regarding these water problems which she did not disclose to you?

A: I do not.

Likewise, Katharine Chastain testified as follows:

Q: Other than this conversation that you had with [Agent] regarding the Disclosure Statement and the trampoline that was apparently caught in a culvert, do you have any other evidence relating to [Agent's] alleged knowledge of flooding at the residence?

A: No.

Q: Sitting here today, do you have any reason to believe that [Agent] was aware at the time she had the conversation with you about the Disclosure Statement that anything other than the trampoline had caused potential flooding at the [Property]?

A: No.

Agent also testified under oath that she had no knowledge of flooding problems within the neighborhood, no knowledge of water intrusion within the home purchased by Buyers other than the information provided by Sellers to both her and

522

Buyers, and no reason to suspect or believe the information in the Disclosure completed by Sellers was either false, misleading, or incomplete. Because Buyers presented no evidence Realtor or Agent knew or had reasonable cause to suspect Sellers' statements in the Disclosure about flooding were false, misleading or inaccurate, the trial court's grant of summary judgment was proper.

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**

PIEPER, J., and GEATHERS, J., concur.