THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Keith Edward
 Smith, Appellant,
 
 
 
 
 

v.

 
 
 
 James R. Metts,
 "Sheriff" Lexington County, Respondent.
 
 
 
 

Appeal From Lexington County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2010-UP-111
 Submitted February 1, 2010  Filed
February 8, 2010    

AFFIRMED

 
 
 
 Keith Edward Smith, pro se, for Appellant.
 Andrew F. Lindemann and Daniel C. Plyler, both of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Keith Smith appeals the
 trial court's grant of summary judgment in favor of Sheriff James R. Metts. 
 Smith seeks to recover various items of property seized during the Lexington
 County Sheriff Department's (the Department) investigation concerning Smith's
 criminal activity. We affirm[1] pursuant to Rule 220(b), SCACR, and the following
 authorities. 
1. As to whether the plea court lacked jurisdiction to accept and sign
 Smith's forfeiture consent order during Smith's guilty plea hearing:  S.C. Code
 Ann. § 44-53-530(d) (Supp. 2008) ("Any forfeiture may be effected by
 consent order approved by the court without filing or serving pleadings or
 notices provided that all owners and other persons with interests in the
 property . . . consent to the forfeiture."); Shelton v. Oscar Mayer
 Foods Corp., 325 S.C. 248, 251, 481 S.E.2d 706, 707 (1997) ("Collateral
 estoppel or issue preclusion prevents a party from relitigating in a subsequent
 suit an issue actually and necessarily litigated and determined in a prior
 action."). 
2. As to whether Smith was
 denied due process during the summary judgment hearing before the trial court: S.C.
 Code Ann. § 44-53-530(d) (Supp. 2008) ("Any forfeiture may be effected by
 consent order approved by the court without filing or serving pleadings or
 notices provided that all owners and other persons with interests in the
 property . . . consent to the forfeiture."); State v. Loftin, 278
 S.C. 618, 620, 300 S.E.2d 480, 481 (1983) (holding the objection to the judge's
 prejudice came too late when raised after the matter was decided); Chastain
 v. Hiltabidle, 381 S.C. 508, 517, 673 S.E.2d 826, 831 (Ct. App. 2009)
 ("To demonstrate prejudice in a matter involving allegedly insufficient
 notice, an appellant must establish if he or she had received appropriate
 notice, he or she would have done something different, thereby affecting the
 decision of the trial court and advancing his or her case."); Butler v.
 Sea Pines Plantation Co., 282 S.C. 113, 122-23, 317 S.E.2d 464,
 470 (Ct. App. 1984) ("Generally, where bias and prejudice of a trial
 judge is claimed, the issue must be
 raised when the facts first become known and, in any event, before the matter
 is submitted for decision.").
3. As to whether the trial
 court erred in granting Metts's motion for summary judgment: Folkens v. Hunt,
 290 S.C. 194, 205, 348 S.E.2d 839, 846 (Ct. App. 1986) ("An
 alternative ruling of a lower court that is not excepted to constitutes a basis
 for affirming the lower court and is not reviewable on appeal.").  
AFFIRMED.
HUFF, THOMAS, and KONDUROS,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.