THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Dorothy W. George, Irene
 Christensen, Julia B. Cain, Brian S. Dantzler, Charles Dolan, Pamela Dolan,
 Virginia W. Floyd, Marvin S. Murdaugh, Jr., Cathie M. Murdaugh, Margaret P.
 Hay Living Trust, Trust NES, Mary W. Geils, and George F. Geils, Respondents,
 
 
 
 
 

v.

 
 
 
 
 Charles H. Wendell and Kathryn
 J. Wendell, Appellants.
 
 
 
 
 

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No.   2011-UP-005
Submitted November 1, 2010  Filed January 20, 2011

AFFIRMED

 
 
 
 H.C. Howell,
 III, and Andrew K. Epting, Jr., both of Charleston, for Appellants.
 E. Paul
 Gibson, of Charleston, for Respondents.
 
 
 

PER CURIAM:  Charles
 and Kathryn Wendell appeal from the trial court's order that required them to
 remove their garage and permanently enjoined them from constructing any
 structure within a 75-foot setback along the front of their property.  The
 Wendells argue the trial court erred in finding their lot is subject to a
 75-foot setback because the restrictive covenants failed to create such a
 requirement in clear and unambiguous terms and the plain language of the
 covenants is capable of two differing interpretations.[1]
1. We find no error in the trial courts ruling
 that the restrictive covenants are clear and unambiguous, and the 75-foot
 setback requirement applies to the Wendells' property.  Restrictive covenants
 are contractual in nature, thus the paramount rule of construction is to
 ascertain and give effect to the intent of the parties as determined from the
 whole document.  Palmetto Dunes Resort, Div. of Greenwood Dev. Corp. v.
 Brown, 287 S.C. 1, 6, 336 S.E.2d 15, 18 (Ct. App. 1985).  "A
 restrictive covenant will be enforced if the covenant expresses the party's
 intent or purpose, and this rule will not be used to defeat the clear express
 language of the covenant."  Sea Pines Plantation Co. v. Wells, 294
 S.C. 266, 270, 363 S.E.2d 891, 894 (1987).  Ambiguities in a restrictive
 covenant are to be strictly construed against the party seeking to enforce it;
 however, the rule of strict construction should not be applied so as to defeat
 the plain and obvious purpose of the instrument.  Palmetto Dunes Resort,
 287 S.C. at 6, 336 S.E.2d at 18-19.  A contract is ambiguous when the terms of
 the contract are reasonably susceptible of more than one interpretation, and it
 is a question of law for the court whether the language of a contract is
 ambiguous.  S.C. Dep't of Natural Res. v. Town of McClellanville, 345
 S.C. 617, 623, 550 S.E.2d 299, 302-03 (2001).  The original restrictive covenants do not indicate the developers
 intended the 75-foot setback requirement that applied to Lot 4 to be modified
 if the lot was subdivided.  Instead, the restrictive
 covenants specifically provided if the lot was subdivided, the
 newly-created lots would be subject to the original restrictive
 covenants.  Also, the amendments to the restrictive
 covenants, which acknowledged the subdivision of Lot 4, did not modify
 the specific setback requirements for Lot 4.  Further, Robert George, a
 thirty-three year resident of the neighborhood and a licensed surveyor and
 engineer, testified the garage was a substantial violation of the restrictive covenants and changed the character of
 the neighborhood because it extended beyond the front of all the other homes.  George
 also stated there were no substantial violations or disregard of the restrictive covenants, and no changes in the
 character of the subdivision since the establishment of the restrictive covenants.  Therefore,
 the evidence supports the trial court's ruling.
2.  We need not address the issue of
 whether the equities in this case were sufficient to overcome the trial
 court's finding that the 75-foot setback applied to the Wendell's property.  Although
 the Wendells raised the argument to the trial court, the trial judge did not
 rule on it, and the Wendells did not file a Rule 59(e), SCRCP motion.  Therefore,
 the issue is not preserved for our review.  See Chastain v.
 Hiltabidle, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) (holding
 when an issue is raised to but not ruled upon by the trial court, the issue is
 preserved for appeal only if the party raises the same issue in a Rule 59(e)
 motion).  Additionally, the Wendells did not raise this issue in their issues
 on appeal.  See Rule 208(b)(1)(B), SCACR (noting ordinarily an appellate
 court will not review any issue not set forth in the statement of issues on
 appeal).
AFFIRMED.
FEW, C.J., SHORT and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.  We affirm pursuant to Rule 220(b)(1), SCACR.