**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mary Wall Black, Plaintiff,

v.

Bi-Lo, LLC and Unifirst Corporation, Defendants,

Of which Bi-Lo, LLC is the Appellant,

And Unifirst Corporation is Respondent.

Appellate Case No. 2014-001153

———————

Appeal From Fairfield County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-115
Heard December 9, 2015 – Filed March 2, 2016

———————

**AFFIRMED**

———————

Mark Steven Barrow and Ryan C. Holt, both of Sweeny, Wingate & Barrow, P.A., of Columbia, for Appellant.

Lindsay Anne Joyner and Gray Thomas Culbreath, both of Gallivan, White & Boyd, P.A., of Columbia, for Respondent.

———————

**PER CURIAM:** Bi-Lo, LLC (Bi-Lo) appeals the circuit court's grant of summary judgment in favor of Unifirst Corporation (Unifirst) on Bi-Lo's cross-claim for contractual indemnity, arguing summary judgment was premature because (1) further inquiry into the facts was necessary to clarify application of the law and (2) Bi-Lo did not have a full and fair opportunity to conduct discovery. We affirm.

1. We find the circuit court properly granted summary judgment because the unappealed finding of no fault on the part of Unifirst became the law of the case and was dispositive of whether Bi-Lo was entitled to contractual indemnification under the agreement.[1] *See Penton v. J.F. Cleckley & Co.*, 326 S.C. 275, 283, 486 S.E.2d 742, 746 (1997) (concluding the jury's verdict finding the contractor not at fault was dispositive of the issue of contractual indemnification and, therefore, precluded the South Carolina Department of Transportation's indemnification claim). We decline to address Bi-Lo's remaining arguments in its appellate brief regarding this issue because they are not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Chastain v. Hiltabidle*, 381 S.C. 508, 514–15, 673 S.E.2d 826, 829 (Ct. App. 2009) ("It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the [circuit] court.").

2. Given that resolution of the prior issue is dispositive of this appeal, we need not decide whether Bi-Lo was afforded a full and fair opportunity to conduct

---

[1] Further, contrary to Bi-Lo's contentions, our review of the order reveals the circuit court did not implicitly make Bi-Lo the negligent party by applying the "negligence rule." *See Ashley II of Charleston, LLC v. PCS Nitrogen, Inc.*, 409 S.C. 487, 490, 763 S.E.2d 19, 20 (2014) (stating that, under the negligence rule, "a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from its own negligent acts unless such intention is expressed in clear and unequivocal terms" (quoting *Laurens Emergency Med. Specialists, PA v. M.S. Bailey & Sons Bankers*, 355 S.C. 104, 111, 584 S.E.2d 375, 379 (2003))). Rather, given its finding that Unifirst was not negligent toward Black, the court concluded if any party was liable, then it would be Bi-Lo. In our view, this finding did not amount to a determination that Bi-Lo was the negligent party in this case.

discovery. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, A.C.J., WILLIAMS and THOMAS, JJ., concur.**