**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Captain's Harbour and Racquet Club Homeowners' Association, Inc., Respondent,

v.

Jerald W. Jones, Appellant.

Appellate Case No. 2018-001724

———————

Appeal From Horry County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-167
Submitted March 1, 2021 – Filed May 12, 2021

———————

**AFFIRMED**

———————

John M. Leiter, of Law Offices of John M. Leiter, PA, of Myrtle Beach, for Appellant.

Douglas Walker MacKelcan, III, and Skyler Cole Wilson, both of Copeland, Stair, Kingma & Lovell, LLP, of Charleston, for Respondent.

———————

**PER CURIAM:** Jerald W. Jones appeals the grant of summary judgment to Captain's Harbour and Racquet Club Homeowners Association, Inc. (the Association). On appeal, Jones challenges the circuit court's findings that he was

not a party to the property management agreement (the Agreement) between the Association and American Contracting Engineers, PA, doing business as ACE Management (the Manager), and he therefore could not claim contractual indemnification. He also argues he was a third-party beneficiary of the indemnification clause of the Agreement, which entitled him to the protection of the indemnification clause. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

Regarding whether Jones was a party to the Agreement, considering the evidence in the light most favorable to Jones, we hold the circuit court properly granted summary judgment in the Association's favor because there was no genuine issue of material fact and the Association was entitled to judgment as a matter of law. *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438-39 (2003) ("In reviewing the grant of a summary judgment motion, the Court applies the same standard as the [circuit] court under Rule 56(c), SCRCP: 'summary judgment is proper when there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" (citing *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991))); *id*. at 69, 580 S.E.2d at 439 ("In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party."); *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011) ("Where cross motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."); *S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 655, 667 S.E.2d 7, 13 (Ct. App. 2008) ("The construction of a clear and unambiguous contract presents a question of law for the court."); *id*. ("It is also a question of law whether the language of a contract is ambiguous."). Here, the Agreement unambiguously establishes the Association and the Manager as the parties. *See C.A.N. Enters., Inc. v. S.C. Health & Human Servs. Fin. Comm'n*, 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988) ("In construing terms in contracts, [an appellate court] must first look at the language of the contract to determine the intentions of the parties."). Further, the Agreement defines the "Manager" only as "American Contracting Engineers, PA, . . . doing business as (dba) ACE Management," which fails to make any reference to the Manager's employees, agents, successors, or assigns. *See id*. at 378, 373 S.E.2d at 587 ("[W]here the parties define the words or terms which they propose using, the contract will be interpreted according to such definitions if free from ambiguity."). Therefore, because this court is limited to the interpretation of the contract made by the parties themselves regardless of the parties' wisdom or folly, unreasonableness, or failure to carefully guard their rights and because Jones was not the "Manager" as defined by the Agreement, the circuit

court correctly determined he was not a party to the Agreement and was not entitled to contractual indemnification. *See id*. at 378, 373 S.E.2d at 587 (holding an appellate court "is limited to the interpretation of the contract made by the parties themselves ' . . . regardless of its wisdom or folly, apparent unreasonableness, or failure to guard their rights carefully.'" (quoting *Gilstrap v. Culpepper*, 283 S.C. 83, 86, 320 S.E.2d 445, 447 (1984))).

Regarding whether Jones was a third-party beneficiary, this issue is not preserved for appellate review because the circuit court did not rule upon it. *See Chastain v. Hiltabidle*, 381 S.C. 508, 514-15, 673 S.E.2d 826, 829 (Ct. App. 2009) ("It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court."). Further, Jones did not raise the issue in his motion to reconsider. *See id*. ("When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e) motion.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.