**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gary Griffin and Rachel Griffin, Appellants,

v.

Shannon Rollings, d/b/a Shannon Rollings Real Estate, LLC, Respondent.

Appellate Case No. 2019-000120

———————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-264
Submitted May 1, 2021 – Filed July 14, 2021

———————

**AFFIRMED**

———————

Calvin A. Rouse, of Augusta, Georgia, for Appellants.

David Allen Anderson and Carmen Vaughn Ganjehsani, both of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** In this action arising out of a real estate transaction, Gary Griffin and Rachel Griffin (collectively, the Griffins) appeal the circuit court's order granting summary judgment to Shannon Rollings. The Griffins argue there were genuine issues of material fact regarding whether Rollings was negligent in the

preparation of the Residential Property Condition Disclosure Statement (Disclosure Statement) that led to their purchase of the residential property in question and the circuit court should have applied a ten-year statute of limitations to their claim because it was founded upon title to real property. We affirm pursuant to Rule 220(b), SCACR.

1. The circuit court properly found that the Griffins' action was time-barred by the three-year statute of limitations. *See* S.C. Code Ann. § 15-3-530(1) (2005) (providing for a three-year statute of limitations for "an action upon a contract, obligation, or liability, express or implied"); *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("Summary judgment is appropriate when a plaintiff does not commence an action within the applicable statute of limitations."). Contrary to the Griffins' argument that section 15-3-350 of the South Carolina Code (2005), which provides for a ten-year statute of limitations for actions "founded upon a title to real property," applied to their claim against Rollings, the Griffins' claim arose out of alleged deficiencies in the Disclosure Statement rather than any claim regarding their title to the subject property. *Cf. Palmetto Co. v. McMahon*, 395 S.C. 1, 5, 716 S.E.2d 329, 331 (Ct. App. 2011) (reversing a ruling that the ten-year statute of limitations in section 15-3-350 applied to an action for collection of rent by distraint because the plaintiff's claim "arose out of the lease, not its title to real property").

2. Further, the circuit court did not err in granting summary judgment to Rollings because the Griffins did not offer any evidence that a genuine issue of material fact existed regarding their claim that Rollings was negligent in producing a "false" and "misleading" Disclosure Statement. Specifically, there was no evidence that Rollings knew or should have known of an adjoining landowner's claim of ownership of a portion of the Griffins' property; thus, Rollings did not have reasonable cause to suspect the information provided on the Disclosure Statement by the sellers was false, incomplete, or misleading. *See Woodson v. DLI Props., LLC*, 406 S.C. 517, 528, 753 S.E.2d 428, 434 (2014) ("In reviewing a grant of summary judgment, our appellate court applies the same standard as the [circuit] court under Rule 56(c), SCRCP."); *id.* ("Summary judgment is proper if, viewing the evidence . . . in a light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, admissions, and affidavits . . . show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."); *Chastain v. Hiltabidle*, 381 S.C. 508, 514, 673 S.E.2d 826, 829 (Ct. App. 2009) ("To survive a motion for summary judgment, the non-moving party must offer some evidence that a genuine issue of material fact exists as to each element of the claim."); *id.* at 519, 673 S.E.2d at 831 ("An

essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff, and absent such a duty, no actionable negligence exists."); *id.* at 519, 673 S.E.2d at 832 ("The determination of whether a duty exists in regard to the wrong alleged is a question of law for the court."); *id.* ("If no duty exists, the defendant is entitled to judgment as a matter of law."); *id.* ("[A] real estate licensee is not liable to a purchaser if: (1) the owner provides the purchaser with a disclosure form that contains false, incomplete, or misleading information, and (2) the real estate licensee did not know or have reasonable cause to suspect the information was false, incomplete, or misleading."); S.C. Code Ann. § 27-50-70(B) (2007) ("The real estate licensee . . . is not liable to a purchaser if: (1) the owner provides the purchaser with a disclosure form that contains false, incomplete, or misleading information; and (2) the real estate licensee did not know or have reasonable cause to suspect the information was false, incomplete, or misleading."); S.C. Code Ann. § 40-57-350(A) (Supp. 2020) (providing that "[a] real estate brokerage firm that provides services through an agency agreement for a client is bound by the duties of loyalty, obedience, disclosure, confidentiality, reasonable care, diligence and accounting" to that client); S.C. Code Ann. § 40-57-350(C) (Supp. 2020) (providing that the real estate brokerage firm that has enacted an agreement to provide brokerage services for a seller of real estate has an obligation only to the seller to uphold the duties enumerated in subsection A).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.